UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

JEFFREY BLACKFOOT HUNTER,

                              Plaintiff,   **ANSWER**

             - against -                08 CV 00572 (RWS)

THE CITY OF NEW YORK DEPARTMENT OF
SANITATION,

                            Defendant.

------------------------------------------------------------------------ x

        Defendant New York City Department of Sanitation ("DSNY") (being sued herein as "the City of New York Department of Sanitation") by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for its Answer to the Complaint, respectfully alleges as follows:

        1.      Denies the allegations in the unnumbered paragraphs on page "1" of the Complaint, except admits that plaintiff purports to proceed as set forth therein.

        2.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "IA" of the Complaint.

        3.      Denies the allegations set forth in paragraph "IB" of the Complaint.

        4.      Denies the allegations set forth in paragraph "IC" of the Complaint, except admits that the defendant DSNY has offices located at 125 Worth Street New York, NY.

        5.      Denies the allegations set forth in paragraph "IIA" of the Complaint.

        6.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "IIB" of the Complaint except admits, upon information and belief, that the EEOC issued to plaintiff a Notice of Right to Sue letter.

        7.      Denies the allegations set forth in paragraph "IIC" of the Complaint.

        8.      Denies the allegations set forth in paragraph "IID" of the Complaint.

9.       Denies the allegations set forth in paragraph "IIE1" of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegation that plaintiff is a Native American and admits that plaintiff is a male.

10.      Denies the allegations set forth in paragraph "IIE2" of the Complaint, except admits that plaintiff was appointed by the City of New York as a Sanitation Enforcement Agent on May 4, 1987 and was promoted to Associate Sanitation Enforcement Agent Level II (having the in-house title of "Lieutenant") on June 16, 2005.

11.      Denies the allegations set forth in paragraph "IIE3" of the Complaint, except admits that Maria Taylor was promoted to Associate Sanitation Enforcement Agent Level II (having the in-house title of "Lieutenant") effective January 1, 2007.

12.      Denies the allegations set forth in paragraph "IIE4" of the Complaint.

13.      Denies the allegations set forth in paragraph "IIE5" of the Complaint.

14.      Denies the allegations set forth in paragraph "IIE6" of the Complaint.

15.      Denies the allegations set forth in paragraph "IIE7" of the Complaint.

16.      Denies the allegations set forth in paragraph "IIE8" of the Complaint.

17.      Denies the allegations set forth in paragraph "IIE9" of the Complaint.

18.      Denies the allegations set forth in paragraph "IIIA" of the Complaint, except admits upon information and belief that plaintiff jointly filed a verified complaint with the NY State Division of Human Rights and the EEOC on March 7, 2007 regarding defendant's alleged discriminatory conduct.

19.      Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "IIIB" of the Complaint, except admits, upon information and belief, that the EEOC issued a right to sue letter.

20.     As there are no factual allegations set forth in paragraph "IIIC" of the Complaint, no response is required.

## FOR A FIRST DEFENSE:

21.     The Complaint fails to state a claim upon which relief may be granted in whole or in part.

## FOR A SECOND DEFENSE:

22.     Any claims under Title VII contained in the federal Complaint that were not also contained in the plaintiff's charge of discrimination filed with the SDHR/EEOC must be dismissed for failure to exhaust administrative remedies.

## FOR A THIRD DEFENSE:

23.     Any of plaintiff's claims of discrimination in the Complaint asserted under Title VII which accrued more than 300 days prior to plaintiff's filing of his charge of discrimination with the SDHR/EEOC are time-barred.

## FOR A FOURTH DEFENSE

24.     Plaintiff's SHRL and CHRL claims are barred by his irrevocable election of remedies to pursue such claims with the SDHR.

## FOR A FIFTH DEFENSE

25.     Plaintiff's SHRL and CHRL claims are barred by principles of collateral estoppel and res judicata.

## FOR A SIXTH DEFENSE

26.     Plaintiff's SHRL and CHRL claims are barred by plaintiff's failure to comply with applicable notice of claim requirements.

## FOR A SEVENTH DEFENSE

27.     Defendant had legitimate, non-discriminatory business reasons for taking any of the alleged discriminatory acts complained of by plaintiff.

## **FOR AN EIGHTH DEFENSE**

28.     Plaintiff's claims under Title VII are untimely since, upon information and
belief, plaintiff commenced this action more than 90 days after issuance by the EEOC of a right to sue
letter.

**WHEREFORE,** defendant requests judgment dismissing the Complaint and denying
all relief requested therein together with such other and further relief as the Court deems just and
proper.

Dated:     New York, New York
           July 17, 2008

                              MICHAEL A. CARDOZO
                              Corporation Counsel of the
                                 City of New York
                              Attorney for Defendant
                              100 Church Street, Room 2-141
                              New York, New York 10007
                              (212) 788-0895
                              pozgu@law.nyc.gov


                              By:         /s/
                                   Pinar Ozgu (PO 3757)
                                   Assistant Corporation Counsel


To:     Jeffrey Blackfoot Hunter (by first class mail)
        Plaintiff *Pro Se*
        521 East 82nd Street Apt. 2A
        New York, NY 10028
        (917) 701-5076

## CERTIFICATE OF SERVICE

I hereby certify that, on July 17, 2008, I caused a true and correct copy of the foregoing Answer to be served upon Jeffrey Blackfoot Hunter, Plaintiff *Pro Se*, by placing same in a postage-paid envelope addressed to Jeffrey Blackfoot Hunter, 521 East 82nd Street Apt. 2A, New York, New York 10028, that being the address that plaintiff designated for receipt of such material, and causing the envelope to be placed in an official depository under the exclusive care and control of the United States Postal Service.

Dated:        New York, New York
              July 17, 2008

                                                    /s/
                                    _____
                                    Pinar Ozgu
                                    Assistant Corporation Counsel

Docket No. 08 CV 00572 (RWS)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEFFREY BLACKFOOT HUNTER,

Plaintiff,

- against -

THE CITY OF NEW YORK DEPARTMENT OF
SANITATION,

Defendant.

## ANSWER

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendant*
*100 Church Street 2-141*
*New York, New York  10007*

*Of Counsel:  Pinar Ozgu*
*Tel:  (212) 788 0895*
*Matter No. 2008-019541*

*Due and timely service is hereby admitted.*

*New York, N.Y. ............................................... , 200..*

*.......................................................................... Esq.*

*Attorney for ...............................................................*